# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

STEPHEN STERNER,

    *Plaintiff*,

v.

PARAGON REVENUE GROUP,

    *Defendant*.

Case No. 2:18-cv-158

Judge Travis R. McDonough

Magistrate Judge Clifton L. Corker

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "motion to not dismiss [his] case" (Doc. 14). On January 14, 2019, the Court granted Defendant Paragon Revenue Group's ("Paragon") motion for more definite statement and ordered Plaintiff to file his more definite statement within fourteen days. (Doc. 10.) On January 25, 2019, Plaintiff filed a "motion to amend and address The Defants [sic] council." (Doc. 12.) In this motion, Plaintiff requested that the Court "subpoena all recorders from Paragon group . . . and from the 3 credit bureaus to show that mistakes where [sic] made and to show that they are not as incent [sic] as they say" (Doc. 12, at 1), but failed to provide a more definite statement of his claims against Paragon. On February 1, 2019, the Court again ordered Plaintiff to file his more definite statement within fourteen days and warned that failure to do so would result in dismissal of his remaining claims against Paragon. (Doc. 13.) On February 11, 2019, Plaintiff filed the instant motion. (Doc. 14.)

In his motion, Plaintiff explains that he is not a lawyer and cannot afford to hire one. (*Id.* at 1.) Plaintiff also attempts to explain the underlying events that form the basis of his claim.

However, Plaintiff's motion falls short of the more definite statement required by this Court's order. Although Plaintiff referred to the Fair Credit Billing Act in a Wikipedia page attached to his complaint (Doc. 2-1), he references no statute that Paragon has violated in any later filings, including this motion. Nor does Plaintiff specify how Paragon's actions violated the Fair Credit Billing Act. (*See generally* Doc. 14.) For example, Plaintiff does not allege that he gave written notice to Paragon of billing errors, which would trigger Paragon's duties under the Fair Credit Billing Act. *See* 15 U.S.C. § 1666(a); *Jaffe v. Capital One Bank*, No. 09 CIV. 4106 (PGG), 2010 WL 691639, at *8–9 (S.D.N.Y. Mar. 1, 2010).

Although the Court is sympathetic to Plaintiff's *pro se* status and the difficulties of navigating the Federal Rules of Civil Procedure without a legal background, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and, ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under

Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court weighs four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, Plaintiff's failure to prosecute this action can likely be attributed to his own fault. Although Plaintiff has made filings in response to Court orders, he has not addressed the Court's concerns directly. Pursuant to Local Rule 83.13, it is the duty of the *pro se* party to monitor the progress of his case and to prosecute or defend his action diligently and, as discussed above, *pro se* status does not relieve a plaintiff of his duties. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal because Paragon has not been prejudiced much, if at all, by Plaintiff's inaction. A scheduling order has not yet been issued, and the delay has only lasted approximately one month.

The third factor weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure.

Finally, the Court finds that an alternative sanction of dismissal without prejudice would be effective and that dismissal with prejudice is too harsh under these circumstances. The Court

believes that a dismissal without prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                       **/s/** *Travis R. McDonough*
                                       **TRAVIS R. MCDONOUGH**
                                       **UNITED STATES DISTRICT JUDGE**